ORIGINAL

J. STEPHEN STREET     1573-0
Attorney At Law
134 Maono Place
Honolulu, Hawaii  96821
Telephone No.:    (808) 754-1647
Facsimile No.:    (888) 334-6499
E-mail:      jsstreet@ip-law-hawaii.com

DANE ANDERSON      9349-0
Attorney At Law, LLLC
P.O. Box #1621
Honolulu, Hawaii  96806
Telephone No.:    (808) 285-4760
E-mail:      dane@andersonlawhawaii.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 25 2013

at____o'clock and ____min. P M.
SUE BEITIA, CLERK

Attorneys for Plaintiff
VINCENT KHOURY TYLOR

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR,<br><br>                Plaintiff,<br><br>      vs.<br><br>ASTON HOTELS & RESORTS, LLC, a<br>Hawaii Limited Liability Company, dba<br>HOTEL RENEW BY ASTON; TOM<br>BRADY, an individual, dba THE<br>DESTINATION GROUP; JOHN DOES<br>1-10; JANE DOES 1-10; DOE<br>CORPORATIONS 1-10; DOE<br>PARTNERSHIPS 1-10; and DOE<br>ASSOCIATIONS 1-10,<br><br>                Defendants. | ) CIVIL NO. CV13 00648ACK RLP<br>) (Copyright Infringement)<br>)<br>)<br>) COMPLAINT FOR COPYRIGHT<br>) INFRINGEMENT AND DIGITAL<br>) MILLENNIUM COPYRIGHT ACT<br>) VIOLATIONS; EXHIBITS "A"-"E";<br>) SUMMONS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
## AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

COMES NOW Plaintiff VINCENT KHOURY TYLOR, by his attorneys, J. Stephen Street, Attorney at Law, and Dane Anderson, Attorney at Law, LLLC, and for his complaint alleges as follows:

### PARTIES

1.      Plaintiff VINCENT KHOURY TYLOR ("Plaintiff") is a resident of the State of Hawaii.

2.      Upon information and belief, Defendant ASTON HOTELS & RESORTS, LLC ("ASTON") is a for profit limited liability company, organized in the State of Hawaii with its principal place of business in Honolulu, Hawaii.

3.      Upon information and belief, Defendant TOM BRADY ("BRADY") is an individual residing in the State of California, and is doing business in the State of Hawaii as THE DESTINATION GROUP.

4.      JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10 are named herein under fictitious names for the reason that, after investigation of the facts of this action, said Defendants' true names and identities are presently unknown to Plaintiff, except, upon information and belief, that they are connected in some manner with the named Defendants and/or were the agents, servants, employees, employers, representatives, co-venturers,

2

associates, successors or assignees of the named Defendants who may be under a

duty, contractually or otherwise, to pay Plaintiff compensation for loss incurred by

the actions or omissions of the named Defendants and/or were in some manner

related to the named Defendants and that their "true names, identities, capacity,

activities and/or responsibilities" are presently unknown to Plaintiff or his

attorneys.  To ascertain the full names and identities of JOHN DOES 1-10, JANE

DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and

DOE ASSOCIATIONS 1-10, Plaintiff's counsel have investigated the facts alleged

herein through <u>inter alia</u>, interview of Plaintiff and inspection of the records in this

matter.  When the true names and capacities are ascertained, through appropriate

discovery, Plaintiff shall move to amend this action to state the true names.

### JURISDICTION AND VENUE

     5.    This is an action for preliminary and permanent injunctive relief

and damages arising from Defendant ASTON's and Defendant BRADY's

(collectively referred to as "Defendants") copyright infringements in violation of

the United States Copyright Act, 17 U.S.C. §§ 101 et. seq. and the Digital

Millennium Copyright Act, 17 U.S.C. § 1202.

     6.    This Court has jurisdiction over the subject matter of this action

under 28 U.S.C. § 1331 and § 1338(a).

7.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400.

## FACTUAL ALLEGATIONS

8.     ASTON is doing business in the State of Hawaii as a hotel management and operations company and manages and operates a hotel property located in Honolulu, Hawaii under the trade name HOTEL RENEW BY ASTON.

9.     ASTON owns and operates a commercial website for its HOTEL RENEW BY ASTON property, exclusively, at http://www.hotelrenew.com/, and also owns and operates a commercial website for all of its hotel properties, including HOTEL RENEW BY ASTON, at http://www.astonhotels.com/.  Both of ASTON's commercial websites allow customers to complete online purchases for hotel room reservations at the HOTEL RENEW BY ASTON property.

10.     BRADY is doing business in the State of Hawaii as THE DESTINATION GROUP and, beginning in 2009, was hired by the predecessor of ASTON to develop and manage its commercial website for its HOTEL RENEW property.  Thereafter, BRADY was retained by HOTEL RENEW BY ASTON to continue online marketing initiatives, including advertising ASTON's HOTEL RENEW BY ASTON on social media websites Facebook.com and Pinterest.com, to generate revenue for ASTON.

11.    Defendants manage and control a commercial web page on Facebook.com, at https://www.facebook.com/HotelRenewHI, to advertise and promote the HOTEL RENEW BY ASTON business and trade name and to encourage users of that Facebook.com commercial web page to navigate to ASTON's commercial websites, http://www.astonhotels.com/ or http://www.hotelrenew.com/, or click on a provided hyperlink to be directly routed to ASTON's commercial websites to purchase room reservations at the HOTEL RENEW BY ASTON or other hotels managed and operated by ASTON.

12.    ASTON manages and controls a commercial web page on Pinterest.com, titled "Aston Hotels and Resorts" at http://www.pinterest.com/astonhotels/, to advertise and promote its hotel brand, properties, and services and to encourage users of its "Aston Hotels and Resorts" Pinterest.com commercial web page to navigate to its commercial website at http://www.astonhotels.com/, or click on a provided hyperlink to be directly routed to that commercial website to purchase online reservations.

13.    BRADY manages and controls a commercial web page on Pinterest.com, titled "Hotel Renew by Aston, Honolulu," at http://www.pinterest.com/tmbrady/hotel-renew-by-aston-honolulu/, to advertise and promote the HOTEL RENEW BY ASTON property, and to encourage users of his "Hotel Renew by Aston, Honolulu" Pinterest.com commercial web page to

navigate to ASTON's HOTEL RENEW BY ASTON commercial website at

http://www.hotelrenew.com/, or click on a provided hyperlink to be directly routed

to that commercial website to purchase online reservations.

14.    The photographic works at issue in this case are original works

entitled to copyright protection pursuant to the copyright laws of the United States,

and the photographs at issue are duly registered with the United States Copyright

Office.

15.    The four (4) photographic works, image nos.: "O-06 Hanauma

Bay Wide"; "S-02 Fire at Shipwrecks"; "O-23 Waikiki Dusk"; and, "K-42 Secret

Beach" at issue in this case were created by photographer Plaintiff Vincent Khoury

Tylor, who owns the copyrights to the works.  The copyrights for the photographic

works at issue were registered with the United States Copyright Office as 1) VA 1-

696-555, effective December 17, 2009, and supplemented by form VA 1-432-741,

effective June 20, 2011, and 2) VA 1-696-552, effective December 17, 2009, and

supplemented by form VA 1-432-820, effective June 20, 2011, in the name of

Plaintiff Vincent Khoury Tylor.  Plaintiff has exclusive rights and privileges in the

photographic works under the United States Copyright Act.  A true and correct

copy of the Certificate of Registration that relates to each photographic work at

issue is attached hereto as Exhibit "A".

16.    None of the said photographic works was a "work for hire."

17.    Plaintiff incurred substantial time and expense in creating the

photographic works at issue, and Plaintiff licenses the photographic works at issue

for commercial and other uses.

18.    In mid-2013, Plaintiff learned that Defendants used two (2) of

the photographic works at issue on their Facebook.com commercial web page a

total of at least five (5) different times:

Image "**O-06 Hanauma Bay Wide**" was used at least three (3) times, beginning in

March of 2011, at:

*Page URLs:*
https://www.facebook.com/HotelRenewHI
https://www.facebook.com/HotelRenewHI/photos_stream
https://www.facebook.com/photo.php?fbid=10150109961391435&set=a.58242881
     434.65716.16658056434&type=1&theater

*Image URL:*
https://fbcdn-sphotos-a-a.akamaihd.net/hphotos-ak-ash3/185975_10150109
     961391435_3645783_n.jpg   (500 x 400 pixels)

Image "**S-02 Fire at Shipwrecks**" was used at least two (2) times, beginning in

January of 2013, at:

*Page URLs:*
https://www.facebook.com/HotelRenewHI
https://www.facebook.com/photo.php?fbid=399734513444272&set=a.1472220386
     95522.37609.14400675901705&type=1&theater -- Hotel Renew

*Image URL:*
https://sphotos-a.xx.fbcdn.net/hphotos-frc3/185596_39973451344427
     2_1331623153_n.jpg   (960 x 720 pixels)

Said photographic works were used by Defendants without obtaining licenses or consent from Plaintiff, thus violating the exclusive rights of Plaintiff as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 100 et. seq.  True and correct copies of the photographic works registered by Plaintiff and used without permission by Defendants are attached hereto as Exhibit "B".  True and correct copies of screenshots of Defendants' infringing uses of the photographic works are attached as Exhibit "C".

19.    On July 5, 2013, Plaintiff received an email from Bruce Taylor, who purported to be an Art Director for ASTON, inquiring about the license fees to use **"O-06 Hanauma Bay Wide"** and **"O-23 Waikiki Dusk"** and other photographic works by Plaintiff on ASTON's hotelrenew.com commercial website.  Plaintiff replied to Bruce Taylor's email on July 15, 2013, by providing standard licensing fees for uses of **"O-06 Hanauma Bay Wide"** and **"O-23 Waikiki Dusk"** and other photographic works to be used on ASTON's commercial website, and Plaintiff also informed Bruce Taylor that Plaintiff does not license any of his photographic works for use on any social media websites, including Facebook.com and Pinterest.com.

20.    In July of 2013, BRADY exchanged communications with Plaintiff regarding the licensing of Plaintiff's photographic works for use by ASTON and was fully aware that Plaintiff was the owner of the photographic

works at issue and that Plaintiff does not license any of his photographic works for use on any social media website, including Facebook.com and Pinterest.com.

21.    By letter of September 3, 2013, Plaintiff gave notice to ASTON of the willful copyright infringements and Digital Millennium Copyright Act violations for the photographic works at issue on Defendants' Facebook.com commercial web page, infringements that continued despite notice in July of 2013 that Plaintiff does not license his photographic works for use on Facebook.com. Plaintiff attempted to resolve the claim with ASTON for the ongoing use of the photographic works at issue in violation of Plaintiff's copyrights, requesting that it pay a retroactive licensing fee for the photographic works used on Defendants' Facebook.com commercial web page, that it cease and desist from using any of Plaintiff's copyrighted photographic works, and that it provide written assurances that the copyrighted photographic works at issue were removed from that Facebook.com commercial web page.

22.    After ASTON received Plaintiff's written notice, described in paragraph 20, ASTON communicated the notice to BRADY.  In Plaintiff's counsel's email communications with ASTON and BRADY regarding the written notice, described in paragraph 20, Plaintiff's counsel forwarded an electronic copy of that notice to BRADY via email on September 18, 2013.

23.    Despite such notice, BRADY continues to use Image "O-06

**Hanauma Bay Wide**" on his "Hotel Renew by Aston, Honolulu" Pinterest.com

commercial web page at least three (3) times at:

*Page URLs:*
http://www.pinterest.com/tmbrady/
http://www.pinterest.com/tmbrady/hotel-renew-by-aston-honolulu/
http://www.pinterest.com/pin/32228953555996932/

*Image URLs:*
http://media-cache-ak0.pinimg.com/originals/42/76/be/4276be32d221d6
      56024ce10bb611389b.jpg      (500 x 400 pixels)

BRADY began using this photographic work on his commercial Pinterest.com web

page in June of 2013 to advertise or promote ASTON's HOTEL RENEW BY

ASTON property and is still being used, despite Plaintiff's notice, without

obtaining licenses or consent from Plaintiff, thus constituting willful infringement

by willfully violating the exclusive rights of Plaintiff as the copyright owner to

reproduce, adapt, display, distribute, and/or create derivative works under 17

U.S.C. §§ 100 et. seq.  True and correct copies of screenshots of BRADY's

infringing uses of this photographic work on his Pinterest.com commercial web

page are attached as Exhibit "D".

      24.    Despite Plaintiff's notices to Defendants of the willful

copyright infringements and Digital Millennium Copyright Act violations, notice

of Plaintiff's refusal to license his photographic works on social media websites,

including Pinterest.com, and knowledge that Plaintiff owns the copyright to **"O-23**

**Waikiki Dusk"**, described in paragraphs 19 - 22, Plaintiff discovered that ASTON

began using Plaintiff's **"O-23 Waikiki Dusk"** and **"K-42 Secret Beach"**

photographic works on its commercial Pinterest.com commercial web page in early

November of 2013, as follows:

Image **"O-23 Waikiki Dusk"** is being used on ASTON's "Aston Hotels and

Resorts" Pinterest.com commercial web page at least two (2) times at:

*Page URLs:*
http://www.pinterest.com/astonhotels/heavenly-hawaii/
http://www.pinterest.com/pin/36310340719881570/

*Image URLs:*
http://media-cache-cd0.pinimg.com/736x/6e/30/0f/6e300fc42c6745d3815f38cb
    3930e7d6.jpg (350 x 760 pixels)

Image **"K-42 Secret Beach"** is being used on ASTON's "Aston Hotels and

Resorts" Pinterest.com commercial web page at least two (2) times at:

*Page URLs:*
http://www.pinterest.com/astonhotels/heavenly-hawaii/
http://www.pinterest.com/pin/36310340719881439/

*Image URLs:*
http://media-cache-ec0.pinimg.com/736x/b8/81/54/b88154da85e2eb
    ae491eb92ff4b69a9a.jpg   (645 x 864 pixels)

ASTON is using these photographic works on its commercial Pinterest.com web

page to advertise or promote ASTON's brand and hotel properties and services,

without obtaining licenses or consent from Plaintiff, thus constituting willful

infringement by willfully violating the exclusive rights of Plaintiff as the copyright

owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 100 et. seq.  True and correct copies of screenshots of ASTON's infringing uses of these photographic works on its Pinterest.com commercial web page are attached as Exhibit "E".

25.    Plaintiff's copyrighted photographic works at issue, where they are legitimately available, bear Plaintiff's copyright management information in the form of a "Vincent K. Tylor" signature at the bottom corner of each photographic work.

26.    Upon information and belief, Defendants intentionally removed or altered Plaintiff's copyright management information from the photographic works at issue for Defendants' uses of those photographic works without the authority of Plaintiff or the law, or Defendants distributed the photographic works at issue knowing that Plaintiff's copyright management information had been removed or altered without the authority of Plaintiff or the law, because Defendants' uses contained copies of the photographic works at issue with the said copyright management information digitally cropped, which is clearly associated with those photographic works when an internet search of those photographic works is performed using an internet search engine or when viewing Plaintiff's photographic works on legitimate licensing websites.  A true and correct copy of each of Plaintiff's photographic works containing the copyright management

information is shown in Exhibit "B".  A true and correct copy of each of Defendants' uses of the photographic works at issue with the copyright management information cropped is shown in Exhibits "C" through "E".

27.    Upon information and belief, ASTON is vicariously liable for BRADY's infringing activity and/or removal of copyright management information associated with the photographic works at issue because BRADY is an agent of ASTON, hired to develop and manage ASTON's commercial websites and other online marketing initiatives for ASTON's HOTEL RENEW BY ASTON property, including Facebook.com and Pinterest.com commercial web pages, and ASTON enjoys a direct financial benefit from, and has the right and ability to supervise or control, the infringing activity and/or removal of copyright management information associated with the photographic works at issue used in BRADY's online marketing initiatives for ASTON.  BRADY's use of Plaintiff's **"O-06 Hanauma Bay Wide"** on the Pinterest.com commercial web page is the same use by Defendants on the Facebook.com commercial web page, as shown by the use of that photographic work associated with the same marketing caption for HOTEL RENEW BY ASTON on both commercial web pages.

28.    Defendants' uses of Plaintiff's **"O-06 Hanauma Bay Wide"** and **"S-02 Fire at Shipwrecks"** on their Facebook.com commercial web page has contributed to widespread distribution of these photographic works absent

Plaintiff's copyright management information because users who view Defendants' Facebook.com commercial web page can easily distribute Defendants' postings of those photographic works without Plaintiff's copyright information among other Facebook.com users by clicking on the "Like" button, "Comment" button or "Share" button associated with those photographic works as they appear on Defendants' Facebook.com commercial web page. Each "Like," "Comment," or "Share" action by a user causes those photographic works to be distributed to other users or promotes Defendants' Facebook.com commercial web page or HOTEL RENEW BY ASTON as the origin and owner of those photographic works. Furthermore, users can automatically promote Defendants' Facebook.com commercial web page among other users by clicking the "Like" button associated with that page, effectively advertising ASTON's HOTEL RENEW BY ASTON property as well as the photographic works at issue absent Plaintiff's copyright information. Defendants' Facebook.com web page at issue has been visited by thousands of users of Facebook.com and "Liked" by over 7,500 users, leading to potentially thousands more Facebook.com users viewing and/or continually sharing the photographic works at issue that were initially posted by Defendants absent Plaintiff's copyright management information.

29.    BRADY's use of Plaintiff's **"O-06 Hanauma Bay Wide"** on

his "Hotel Renew by Aston, Honolulu" Pinterest.com commercial web page has contributed to widespread distribution of that photographic work absent Plaintiff's copyright management information, because Pinterest.com users can easily distribute BRADY's use of that photographic work among other Pinterest.com users by clicking on the "Pin it" button or "Like" button associated with that photographic work as it appears on BRADY's Pininterest.com commercial web page, or distribute that photographic work absent Plaintiff's copyright management information among the millions of users of social media websites Facebook.com or Twitter.com by clicking on the "share" button associated with BRADY's use of that photographic work. Each "Pin it" or "Like" or "share" click by a user causes BRADY's use of that photographic work to be distributed to other users or promotes BRADY's Pininterest.com commercial web page or ASTON's HOTEL RENEW BY ASTON as the origin and owner of that photographic work. Furthermore, users can automatically promote BRADY's Pinterest.com commercial web page or HOTEL RENEW BY ASTON among other users by clicking the "Follow" button associated with that page, effectively advertising BRADY's and ASTON's commercial businesses with that photographic work at issue.

30. ASTON's use of Plaintiff's **"O-23 Waikiki Dusk" and "K-42**

**Secret Beach"** on its "Aston Hotels and Resorts" Pinterest.com commercial web page has contributed to widespread distribution of those photographic works absent Plaintiff's copyright management information, because Pinterest.com users can easily distribute ASTON's uses of those photographic works among other Pinterest.com users by clicking on the "Pin it" button or "Like" button associated with those photographic works as they appear on ASTON's Pininterest.com commercial web page, or distribute those photographic works absent Plaintiff's copyright management information among the millions of users of social media websites Facebook.com or Twitter.com by clicking on the "share" button associated with ASTON's uses of those photographic works.  Each "Pin it" or "Like" or "share" click by a user causes ASTON's uses of those photographic works to be distributed to other users or promotes ASTON's Pininterest.com commercial web page or ASTON's hotel brand and business as the origin and owner of those photographic works.  Furthermore, users can automatically promote ASTON's Pinterest.com commercial web page or ASTON's hotel brand and business among other users by clicking the "Follow" button associated with that page, effectively advertising ASTON's commercial business with those photographic works at issue.

31.    Plaintiff and Defendants were unable to resolve this matter, thus necessitating legal action.

### FIRST CAUSE OF ACTION:
### COPYRIGHT INFRINGEMENT

32.     Plaintiff restates and realleges each of the allegations contained in paragraphs 1-31 as if fully stated herein.

33.     Plaintiff has all rights, title, and interest in the copyrights to the photographic works as holder of the copyrights, the use of which has not been licensed to Defendants.

34.     Defendants have misappropriated Plaintiff's copyrighted photographic works with knowledge that the photographic works at issue did not belong to Defendants and with knowledge that Plaintiff does not license his photographic works to be used on social media websites, including Defendants' commercial Facebook.com and Pinterest.com web pages; Defendants thereby willfully engaged in unauthorized use and copying of Plaintiff's copyrights by using Plaintiff's photographic works.  Defendants' acts constitute willful copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 et. seq.

35.     Defendants have shown that they intend to continue, unless restrained, to use Plaintiff's copyrighted photographic works, willfully infringing, and causing irreparable damage to Plaintiff for which Plaintiff has no adequate remedy of law.

36.     Defendants' unlawful use of copies of Plaintiff's original photographic works has diminished the value of the original photographic works

17

by distributing and encouraging redistribution of the photographic works without identifying the photographic works as being the exclusive property of Plaintiff.

37.     Defendants' unlawful acts have been and are interfering with and undermining Plaintiff's ability to market Plaintiff's own original photographic works, thereby impairing the value and prejudicing the sale or license by Plaintiff of his own photographic works.

38.     Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which Plaintiff has no adequate remedy of law.

39.     Defendants, by their unauthorized appropriation and use of Plaintiff's original photographic works, have been and are engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiff's goodwill and the public acceptance of Plaintiff's original photographic works.

40.     Because Defendants used Plaintiff's copyrighted photographic works without license, infringing the exclusive rights of Plaintiff as the copyright owner, Plaintiff is entitled to have the infringing publications and any improperly acquired likenesses or images (however stored or recorded) impounded while this action is pending.

41.     As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages.

42.     Plaintiff is entitled to recover from Defendants the damages he has sustained as a result of these wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages he has suffered by reason of Defendants' acts of copyright infringement.

43.     Plaintiff is further entitled to recover from Defendants any gains, profits, or advantages Defendants have obtained as a result of their wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages Defendants have realized by their acts of copyright infringement.

44.     Plaintiff is entitled to elect to recover from Defendants statutory damages for each of their willful violations of Plaintiff's copyrights.

45.     Plaintiff is further entitled to costs and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION:
## DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

46.     Plaintiff restates and realleges each of the allegations contained in paragraphs 1-45 as if fully stated herein.

47.     Defendants have intentionally removed copyright management information from association with the photographic works used on Defendants'

said commercial web pages, or distributed the photographic works at issue knowing that Plaintiff's copyright management information had been removed or altered, without the authority of Plaintiff or the law, knowing, or having reasonable grounds to know, that the removal or distribution would induce, enable, facilitate, or conceal infringement of copyright.

48. Defendants' acts constitute violations under the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

49. Plaintiff is entitled to a preliminary and permanent injunction to prevent Defendants from engaging in further violations of 17 U.S.C. § 1202.

50. Plaintiff is entitled to recover from Defendants the actual damages suffered by Plaintiff and any profits Defendants have obtained as a result of their wrongful acts that are not taken into account in computing the actual damages. Plaintiff is currently unable to ascertain the full extent of the profits Defendants have realized by their violations of 17 U.S.C. § 1202.

51. Plaintiff is entitled to elect to recover from Defendants statutory damages for each of their violations of 17 U.S.C. § 1202.

52. Plaintiff is further entitled to costs and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff VINCENT KHOURY TYLOR prays:

A.      That this Court enter an injunction preliminarily and permanently enjoining and restraining Defendants and their directors, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendants from infringing Plaintiff's copyrighted photographic works and from further violating 17 U.S.C. § 1202;

B.      That the Court order any original infringing photographs, prints, separations, publications, copies, products, or materials bearing the images, digital data in any form and/or likenesses impounded and/or destroyed or disposed of in other reasonable fashion;

C.      That Defendants be required to pay such damages as Plaintiff has sustained and any profits Defendants have gained in consequence of Defendants' unlawful and willful acts or, in the alternative, to pay statutory damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 1203(c);

D.      That Defendants be required to pay costs, including reasonable attorneys' fees, to Plaintiff pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b); and,

E.      That Plaintiff be granted such other and further relief as the Court may deem just and proper.

DATED:  Honolulu, Hawaii, _November 25, 2013_____.

J. STEPHEN STREET
DANE ANDERSON
Attorneys for Plaintiff
VINCENT KHOURY TYLOR