IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR, | CIVIL NO. 13-00648 ACK-RLP |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT ASTON HOTELS & |
| vs. | RESORTS, LLC'S MOTION FOR DETERMINATION OF GOOD FAITH |
| ASTON HOTELS & RESORTS, LLC, a Hawaii Limited Liability Company, dba HOTEL RENEW BY ASTON; TOM BRADY, an individual, dba THE DESTINATION GROUP; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10, | SETTLEMENT |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT ASTON HOTELS &
RESORTS LLC'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT[1]

Before the Court is Defendant Aston Hotels & Resorts, LLC's Motion for Determination of Good Faith Settlement ("Motion"), filed on October 16, 2014. ECF No. 24. The Motion seeks approval of the settlement between Plaintiff and Aston Hotels pursuant to Hawaii Revised Statutes Section 663-15.5. Plaintiff filed a Statement of No Opposition to the Motion on October 29, 2014. ECF No. 33. Defendant Aston Hotels & Resorts,

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

LLC ("Aston Hotels") provided notice of the Motion to Defendant Tom Brady ("Brady") on October 24, 2014, as required by the notice requirements in Section 663-15.5(b). Decl. Of Gregory K. Markam ¶ 5; ECF No. 31-1 at 2. Defendant Brady did not file a response to the Motion. Accordingly, the Court vacated the hearing set for November 24, 2014, and found this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d). ECF No. 36. After carefully considering the submissions of the parties and the relevant legal authority, the Court FINDS and RECOMMENDS that the Motion be GRANTED for the reasons set forth below.

BACKGROUND

Plaintiff asserts claims of copyright infringement and Digital Millennium Copyright Act violations against Aston Hotels for its unauthorized use of Plaintiff's copyrighted photographs. ECF No. 1. Sometime between 2011 and 2013, Defendant Brady, a consultant hired to develop and manage the subject hotel's commercial website, allegedly uploaded Plaintiff's photographs to the Facebook.com and Pinterest.com web pages of the subject hotel without obtaining licenses or consent from Plaintiff. ECF No. 1 at 4-5. On May 30, 2013, Aston Hotels purchased the subject hotel and retained Defendant Brady as a consultant. ECF No. 24-1 at 1. Plaintiff filed a Complaint against Aston Hotels and Defendant Brady on November 25, 2013. See ECF No. 1. An Entry of Default was entered against Defendant Brady on February 14,

2

2014.  See ECF No. 9.

In the present Motion, Aston Hotel seeks a Determination of Good Faith Settlement pursuant to Hawaii Revised Statutes Section 663-15.5.  The Release and Indemnification Agreement between Aston Hotels and Plaintiff indicates that in consideration for the release of all claims against Aston Hotels, Aston Hotels will pay $50,000.00 to Plaintiff.  See ECF No. 24-3.

DISCUSSION

A finding of good faith settlement discharges the settling party of liability for contribution to joint tortfeasors, and reduces a plaintiff's claims against joint tortfeasors by the "amount stipulated to in the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater."  Haw. Rev. Stat. § 663-15.5(a).  A determination by the court that a settlement was made in good faith bars other joint tortfeasors from any further claims against the settling tortfeasor for contribution or indemnity.  See Haw. Rev. Stat. § 663-15.5(d).  In determining whether parties have entered into a good faith settlement, the court must consider the "totality of the circumstances" including:

> (1) the type of case and difficulty of proof at trial . . .;
>
> (2) the realistic approximation of total damages that the plaintiff seeks;
>
> (3) the strength of the plaintiff's claim and

3

> the realistic likelihood of his or her success at trial;
>
> (4) the predicted expense of litigation;
>
> (5) the relative degree of fault of the settling tortfeasors;
>
> (6) the amount of consideration paid to settle the claims;
>
> (7) the insurance policy limits and solvency of the joint tortfeasors;
>
> (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and
>
> (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Troyer v. Adams, 77 P.3d 83, 111 (Haw. 2003).

An agreement to settle a claim is made in good faith when the totality of circumstances reflects that the settlement was not collusive or aimed at injuring the interests of the non-settling parties. Id. Section 663-15.5 does not require the settling parties to explain the rationale for the amount of the settlement payment. Whirlpool Corp. v. CIT Grp./Bus. Credit, Inc., 293 F. Supp. 2d 1144, 1154 (D. Haw. 2003). The non-settling defendant has the burden of proof that the settlement agreement was not reached in good faith. Haw. Rev. Stat. § 663-15.5(b).

Given the totality of the circumstances and the absence of opposition, the Court finds that Plaintiff and Aston Hotels

entered into settlement in good faith.  The Court has reviewed the factors set forth in <u>Troyer v. Adams</u> and the material terms of the settlement and finds that the essential terms of the settlement meet the purpose of Section 663-15.5 and are reasonable and in good faith.

CONCLUSION

After careful consideration of the Motion, the lack of opposition thereto, and the totality of the circumstances, the Court FINDS that the settlement between Plaintiff and Aston Hotels is in good faith and RECOMMENDS that a determination of good faith settlement be made and that the Motion be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, NOVEMBER 21, 2014.

Richard L. Puglisi
United States Magistrate Judge

**TYLOR V. ASTON HOTELS, ET AL.; CIVIL NO. 13-00648 JMS-RLP; FINDINGS AND RECOMMENDATION TO GRANT ASTON HOTELS'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**